UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
ABILENE DIVISION

JULIAN AUGUSTO SABOGAL-
SUAREZ,

Petitioner,

v.

No. 1:26-CV-00393-H

WARDEN, BLUEBONNET
DETENTION CENTER,[1]

Respondent.

## ORDER

Petitioner, a self-represented immigrant detainee proceeding *in forma pauperis*, filed a habeas petition challenging his detention pending immigration proceedings. Dkt. No. 1. He also moved for injunctive relief in the form of an expedited order to show cause, immediate release on conditions or an individualized bond hearing, preservation of evidence, and limited discovery related to the circumstances surrounding his arrest and subsequent detention. Dkt. No. 4. As explained below, the motions are denied.

### 1.    Legal Standards

It is well established that a district court has inherent power to control its docket. *United States v. Colomb*, 419 F.3d 292, 299 (5th Cir. 2005). This power authorizes the Court to choose the order in which to hear and decide pending matters. *Marinechance Shipping, Ltd. v. Sebastian*, 143 F.3d 216, 218 (5th Cir. 1998). There is no statutory or constitutional

---

[1] The Clerk is directed to change the caption to reflect that the Warden of the Bluebonnet Detention Center is the only proper respondent. *See Rumsfeld v. Padilla*, 542 U.S. 426, 434–35 (2004) (explaining that there is generally only one proper respondent in a habeas case, and that is the person who holds the petitioner in custody). All other named respondents will be terminated from this civil action.

right to the disposition of a habeas motion within a specific time. *See United States v. Samples*, 897 F.2d 193, 194 (5th Cir. 1990) (considering a motion to expedite a motion to vacate sentence under 28 U.S.C. § 2255). 28 U.S.C § 1657 requires that courts expedite matters when good cause is shown. But this requirement is "relative, not specific." *Samples*, 897 F.2d at 194.

Federal Rule of Civil Procedure 65 authorizes courts to issue temporary restraining orders and injunctions. A temporary restraining order, or TRO, is "simply a highly accelerated and temporary form of preliminary injunctive relief." *Hassani v. Napolitano*, No. 3:09-CV-1201, 2009 WL 2044596, at *1 (N.D. Tex. July 15, 2009). Thus, the party seeking a TRO or preliminary injunction must satisfy the same four-factor standard for preliminary injunctive relief. *Greer's Ranch Café v. Guzman*, 540 F. Supp. 3d 638, 645 (N.D. Tex. 2021). The party seeking relief must show (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable harm; (3) the balance of hardships weighs in the movant's favor; and (4) issuing the injunction will not disserve the public interest. *Daniels Health Scis., LLC v. Vascular Health Scis., LLC*, 710 F.3d 579, 582 (5th Cir. 2013).

A TRO, like any injunction, is an "extraordinary remedy." *Lewis v. S.S. Baune*, 534 F.2d 1115, 1121 (5th Cir. 1976). "The decision to grant [such relief] 'is to be treated as the exception rather than the rule.'" *Jones v. Bush*, 122 F. Supp. 2d 713, 718 (N.D. Tex. 2000) (quoting *Miss. Power & Light Co. v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)). To prevail, the movant "must satisfy a cumulative burden of proving each of the four elements" for injunctive relief. *Clark v. Prichard*, 812 F.2d 991, 993 (5th Cir. 1987). "Otherwise stated, if a party fails to meet any of the four requirements, the court cannot

2

grant the TRO or preliminary injunction." *Speed v. America's Wholesale Lender*, No. 3:14-CV-3425, 2014 WL 4755485, at *1 (N.D. Tex. Sept. 24, 2014) (emphasis in original).

2.    **Analysis**

A.    **Expedited Order to Show Cause**

Petitioner first seeks an order to show cause and a three-day return of the Respondent's answer, which the Court construes as a request to expedite consideration of his petition. The Court appreciates the stakes of this matter for the petitioner and will resolve his petition in due course. That said, the Court has approximately 700 active cases—including nearly 60% of the Northern District of Texas's immigration habeas docket. The Court's expedited consideration of this petition would thus mean placing other petitions—most of which assert identical claims for relief—on the backburner. The Court will not do so without good cause. As a result, the Court denies Petitioner's request for expedited review.

B.    **Release on Conditions**

Next, to the extent Petitioner requests preliminary injunctive relief compelling his release or an immediate bond hearing, the Court must deny the request because it improperly seeks the same ultimate relief sought in the petition. "The purpose of a preliminary injunction is to preserve the *status quo* and prevent irreparable injury until the court renders a decision on the merits." *Sambrano v. United Airlines, Inc.*, No. 21-11159, 2022 WL 486610, at *4 (5th Cir. Feb. 17, 2022); *see also Granny Goose Foods, Inc. v. Bhd. of Teamsters & Auto Truck Drivers*, 415 U.S. 423, 439 (1974) (explaining that the purpose of a TRO is to "preserv[e] the status quo and prevent[] irreparable harm just so long as is necessary to hold a hearing, and no longer"). Thus, the Court cannot give Petitioner "the

ultimate relief requested" in the form of a preliminary injunction or TRO; it can "only preserve the *status quo*." *Ramirez Rios v. Noem*, 3:25-CV-522, 2025 WL 3220095, at *1 (W.D. Tex. Nov. 7, 2025).

Petitioner's motion appears to request the same relief sought in his habeas petition. Indeed, the arguments supporting his motion "focus on the harms of mandatory detention without bond." *Perez v. Noem*, No. 3:25-CV-2920, 2025 WL 3532430, at *6 (N.D. Tex. Nov. 14, 2025), *R. & R. adopted*, 2025 WL 3530951 (Dec. 9, 2025). He requests that the Court order his immediate release or a bond hearing on a preliminary basis, Dkt. No. 4; 4-1, but the ultimate relief he seeks in his petition is also release from custody or a bond hearing, Dkt. No. 1 at 36. Because the preliminary relief sought in the motion improperly seeks the same ultimate relief requested in the petition, the motion is denied.

### C.    Preservation of Records and Limited Discovery

Finally, Petitioner asks the Court to order preservation of evidence related to his arrest and detention by Texas Game Wardens in order to "prevent destruction, overwriting, loss, or alteration of specific material while the Court resolves the federal custody challenge." Dkt. No. 4-1 at 9. "A habeas petitioner, unlike the usual civil litigant in federal court, is not entitled to discovery as a matter of ordinary course." *Bracy v. Gramley*, 520 U.S. 899, 904 (1997). Rule 6(a) of the Rules Governing Section 2254 Cases in the United States District Courts provides that a habeas petitioner is "entitled to invoke the processes of discovery available under the Federal Rules of Civil Procedure if, and to the extent that, the judge in the exercise of his discretion and for good cause shown grants leave to do so, but not otherwise." The Court has examined the pleadings and finds that Petitioner has failed

to demonstrate that he is entitled to an order to preserve evidence or to pursue discovery in the this case at this time

The discovery materials Petitioner describes include items produced or in possession of a variety of entities, including Texas Parks and Wildlife Department and the Denton County Sheriff's Office—who are not parties to this action—as well as the ICE Dallas Field Office. *Id.* But Petitioner supplies no legal basis for the Court to order non-parties to preserve any records, and he states that he has already served preservation demands on each of the entities listed.

Additionally, much of Petitioner's request for limited discovery appears to rest on a Fourth Amendment claim that his arrest and detention may not have been based on a valid immigration predicate. *See* Dkt. No. 4-1 at 10–12. But Petitioner has failed to demonstrate a substantial likelihood that he will succeed on the merits of his claim that the circumstances of his arrest and detention require immediate release or an individualized custody review. For starters, he fails to explain why habeas is an appropriate remedy for a warrantless arrest. But whether construed as a statutory claim or a constitutional claim, he does not appear to be entitled to habeas relief on those grounds.

As another judge in the Fifth Circuit has explained, "habeas has traditionally been a means to secure release from unlawful detention," whereas "suppression of evidence is the typical remedy" for a Fourth Amendment violation. *Kanda v. Cole*, __ F. Supp. 3d __, No. 5:26-CV-158, 2026 WL 1014400, at *4 (S.D. Tex. Apr. 10, 2026) (citation modified). And other cases considering Fourth Amendment violations in the removal context occur only after a "petitioner has exhausted their administrative remedies through Immigration Court and the Board of Immigration Appeals." *Ruiz v. Olson*, No. 4:26-CV-

5

051, 2026 WL 483478, at *12 (W.D. Ky. Feb. 20, 2026) (collecting cases); *Solis-de Patino v. Pitts*, 823 F. Supp. 2d 457, 464 (W.D. Tex. 2011); *see also De La Paz v. Coy*, 786 F.3d 367, 376–77 (5th Cir. 2015) (detailing the DHS's regulatory scheme to address Fourth Amendment violations).  Once Petitioner exhausts his administrative remedies for the purportedly unlawful arrest, he may obtain review in the Fifth Circuit.  *See* 8 U.S.C. § 1252(a)(2)(D); *see also Ruiz*, 2026 WL 483478, at *12–13.  Today, however, his request for discovery to demonstrate that his arrest and subsequent detention may have been improper fails.

3.    **Conclusion**

For these reasons, the Court denies Petitioner's motion for an expedited order to show cause, release on conditions, preservation of evidence, and limited discovery.  Dkt. No. 4.

This habeas petition remains pending, and the Court will enter a separate order requiring Respondent to file a prompt response and setting a schedule for briefing.

So ordered on August 14, 2026.

_____
JAMES WESLEY HENDRIX
United States District Judge